UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEMOND SANDERS                             )
                                           )        Case No. 26-cv-6728
                    Plaintiff,             )
                                           )        Judge
        vs.                                )
                                           )        Magistrate Judge
POLICE OFFICER JOSEPH VECCHIO;             )
POLICE OFFICER WILLIAM SIERZEGA; and       )
CITY OF CHICAGO,                           )        Trial By Jury Demanded
                                           )
                    Defendants.            )

COMPLAINT AT LAW

NOW COMES Plaintiff, Kemond Sanders, by and through his attorney, David S.

Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Joseph

Vecchio (Star No. 14469), Police Officer William Sierzega (Star No. 19352), and City of

Chicago, states as follows:

JURISDICTION AND VENUE

1.     This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983

and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress

deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the

Defendants and committed under color of law.

2.     This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and

§1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts

complained of took place in this judicial district.

1

PARTIES

4.      Plaintiff, Kemond Sanders ("Sanders"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5.      At all relevant times referenced herein, Defendant Police Officer Joseph Vecchio, Star No. 14469 ("Officer Vecchio"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Vecchio was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant William Sierzega (Star No. 19352) ("Officer Sierzega"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Sierzega was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois.  Officer Vecchio and Officer Sierzega ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for City of Chicago and under color of law.

ALLEGATIONS

8.      On the evening of July 24, 2024, Sanders and a friend exited a restaurant at 444 N. Wabash, in the City of Chicago, after dining there.

9.      A valet driver drove Sanders' vehicle to the front of the restaurant.

2

10. As soon as Sanders and his friend entered his vehicle, Officer Vecchio and Officer Sierzega approached Sanders' vehicle.

11. Defendant Officers ordered Sanders and his friend out of the vehicle.

12. Defendant Officers unlawfully searched the inside of the vehicle.

13. Defendant Officers found Sanders' friend's firearm in lawful container in the vehicle. Sanders' friend had an Indiana license permitting her to possess the firearm.

14. Defendant Officers arrested Sanders without probable cause.

15. Demary was incarcerated for approximately 13 months following his arrest.

16. As a result of the Defendants Officers' conduct, Sanders suffered wrongful incarceration, emotional injuries, constitutional violations, loss of liberty, economic losses, attorney's fees and other losses and expenses.

COUNT I
42 U.S.C. §1983 FOURTH AMENDMENT CLAIM
AGAINST OFFICER VECCHIO & OFFFICER SIERZEGA

17. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

18. Officer Vecchio and Officer Sierzega, knowing that probable cause did not exist, acted individually, jointly and/or in a conspiracy to unlawfully search Plaintiff's vehicle.

19. In so doing, Officer Vecchio and Officer Sierzega violated the Plaintiff's rights to be free from unlawful searches and seizures guaranteed to him by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Kemond Sanders prays for judgment against Police Officer Joseph Vecchio (Star No. 14469) and Police Officer William Sierzega (Star No. 19352) for

3

compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II
42 U.S.C. §1983 UNLAWFUL SEARCH AND SEIZURE
AGAINST OFFICER VECCHIO & OFFFICER SIERZEGA

20. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

21. Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

22. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Kemond Sanders, prays for judgment against Police Officer Joseph Vecchio (Star No. 14469) and Police Officer William Sierzega (Star No. 19352) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III
42 U.S.C. §1983 FALSE ARREST
AGAINST OFFICER VECCHIO & OFFFICER SIERZEGA

23. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

24. Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

25. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment

4

Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Kemond Sanders, prays for judgment against Police Officer Joseph Vecchio (Star No. 14469) and Police Officer William Sierzega (Star No. 19352) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

<u>COUNT IV</u>
<u>ILLINOIS LAW CLAIM - INDEMNIFICATION</u>
<u>AGAINST CITY OF CHICAGO</u>

26. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

27. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28. At all times relevant to this incident, Defendant Officers were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Kemond Sanders, prays that should this Court enter judgment in their favor and against Police Officer Joseph Vecchio (Star No. 14469) and/or Police Officer William Sierzega (Star No. 19352), the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

5

<u>JURY DEMAND</u>

Plaintiff prays for trial by jury.

Respectfully submitted,

KEMOND SANDERS


<u>/s/ David S. Lipschultz</u>
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com